IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| WILLIAM MYERS and JACK MYERS,<br>           Plaintiffs,<br><br>vs.<br><br>CHARLES E. KEM, Sheriff of Stillwater County, Montana; NANCY RHODE, Stillwater County Attorney; DAVID BRYAN ROE, Elite Bovine Veterinarian Service; and TRAVIS ELINGS, Montana Department of Livestock,<br>           Defendants. | CV-24-56-BLG-SPW<br><br><br>ORDER |

Plaintiffs William Myers and Jack Myers, through counsel of record, filed a Motion to Amend Complaint (Doc. 29) in response to the Court's June 30 order compelling the Plaintiffs to comply with Federal Rule of Civil Procedure 25 (Doc. 28). A motion to amend the complaint does not comply with Rule 25, therefore, the Court denies the Plaintiffs' motion with leave to amend.

Rule 25 states in relevant part:

(a) Death

  (1) Substitution if the Claim is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. *A motion for substitution may be made* by any party or *by the decedent's successor or representative.* If the motion is not made within

1

> 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> (2) *Service. A motion to substitute,* together with a notice of hearing, *must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4.* A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25(a)(1), (2) (emphasis added). Until a motion for substitution has been made and granted, the court has no authority to proceed with the deceased party's case. *See Campbell v. State of Iowa, Third Jud. Dist. Dep't of Corr. Servs.*, 702 F.3d 1140, 1141–42 (8th Cir. 2013).

To the extent the Plaintiffs complied with Rule 25 by couching a "statement noting death" in a motion for extension of time (Doc. 20), Plaintiffs' instant motion blatantly disregards Rule 25's remaining instructions. First, Plaintiffs failed to file the correct motion and failed to follow the Court's order. Fed. R. Civ. P. 25(a)(1), (2); (Doc. 28). A motion to an amend the complaint is not a motion to substitute. *Compare* Fed. R. Civ. P. 15(a), *with* Fed. R. Civ. P. 25(a). Second, Plaintiffs failed to name an individual successor or representative. Fed. R. Civ. P. 25(a)(1); *see* Mont. Code Ann. § 72-6-613(22) (2023); *Mont. ex rel. Palmer v. Dist. Ct. of the Ninth Jud. Dist.*, 619 P.2d 1201, 1203 (Mont. 1980) ("the prosecution of claims for the benefit of the estate is a task delegated to the personal representative of an estate"). The "Estate of William" does not qualify as a personal representative. Third, Plaintiffs failed to serve the parties pursuant to Rule 5 as the certificate of service notes that

2

only the Clerk of Court was served. Fed. R. Civ. P. 25(a)(2); (Doc. 29 at 2). Consequently, the Court lacks authority to proceed with this matter. *See Campbell*, 702 F.3d at 1141–42.

Furthermore—of local significance and contrary to Plaintiffs' assertion otherwise—Plaintiffs instant motion is not exempt from the District's Local Rule 7.1(c)(1). Thus, Plaintiffs filed out of compliance when they failed to contact the other parties and failed to state whether any other party objects to the motion. Therefore,

IT IS ORDERED that the Plaintiffs' Motion to Amend Complaint (Doc. 29) is DENIED.

Plaintiffs shall have until July 29, 2025 to comply with Federal Rule of Civil Procedure 25(a) and Local Rule 7.1(c)(1) or the Court shall dismiss the action by the decedent, William Myers. Fed. R. Civ. P. 25(a)(1).

DATED this 15th day of July, 2025.

SUSAN P. WATTERS
United States District Judge